**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.:**

JONATHAN POLIN,

    Plaintiff,

v.

BLUE WATER CANVAS & UPHOLSTERY, INC.,
a Florida for-profit corporation, and
KERRY OSBORNE, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JONATHAN POLIN ("Plaintiff") pursuant to 29 U.S.C. § 216(b), and Article X, Section 24 of the Florida Constitution, files the following Complaint for Damages and Demand for Jury Trial against Defendants, BLUE WATER CANVAS & UPHOLSTERY, INC. ("BWC" or "Corporate Defendant"), and KERRY OSBORNE ("OSBORNE"), and alleges the following:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of minimum and overtime wages during the course of his employment. Plaintiff made efforts to obtain his unpaid wages before initiating this lawsuit – albeit unsuccessfully. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all minimum and overtime wages that Defendants refused to pay Plaintiff during his employment. Plaintiff also seeks minimum wages arising under the Florida Constitution for Defendants' failure to pay Plaintiff the Florida minimum wage. Alternatively, Plaintiff seeks damages from Defendant, BLUE WATER CANVAS & UPHOLSTRY, INC. based on unjust enrichment and/or common law breach of contract.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant BWC was a Florida for-profit corporation located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, BWC, is headquartered and operates its principal location at 11 S.E. 20th Avenue, Pompano Beach, Florida 33060.

5. Defendant, BWC, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant BWC was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff during the relevant time period.

7. Upon information and belief, Defendant, OSBORNE, resided in Broward County, Florida during all times pertinent hereto.

8. Defendant, OSBORNE, was the owner, president, director and corporate officer of Defendant BWC during the relevant time period and controlled the day-to-day operations of Defendant BWC and its payroll, time keeping practices, hiring, firing, and scheduling of employees, including Plaintiff.

9. Defendant, OSBORNE, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

**JURISDICTION AND VENUE**

10. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

11. Defendant, BWC, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

12. Supplemental jurisdiction over Plaintiff's state law claims is properly before this Court pursuant to 28 U.S.C. § 1367(a).

13. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

14. Defendant, BWC, is a Florida for-profit company that provides marine canvas and upholstery-related services throughout South Florida.

15. Defendants BWC and OSBORNE employ individuals like Plaintiff to work as hourly non-exempt, hourly upholsterers/ laborers.

## FLSA COVERAGE

16. Defendant, BWC, is covered under the FLSA through enterprise coverage, as BWC was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, BWC engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. BWC's business and Plaintiff's work for BWC affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

17. During his employment with Defendant, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, ladders, automobiles, extension cords, work gloves, installation equipment, fabric, vinyl, faux leather, leather hides, decorative buttons, ottomons, rulers, staple pliers, arch punches, trim tools, blind stitching, bone folders, button machines, cushion stuffing machine, cutting pads, duck bill pliers, fabric punchers, filler tools, prybars, foam cutters, heat guns, hot glue guns, mallets, scissors, seam stretchers, boats, ships, aquatic vessels, telephones, pens, notepads, computers, cellular telephones, order forms, and other related items.

18. Defendants also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods or materials as Plaintiff, thus making Defendants' business an enterprise covered by the FLSA.

19. Upon information and belief, Defendant BWC grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

20. During his employment with Defendants, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, during his employment period with Defendants, Plaintiff regularly and recurrently worked on boats, ships and aquatic vessels that transported goods and materials in interstate commerce and crossed state and country lines. Accordingly, Plaintiff was individually covered under the FLSA during his employment period with Defendants.

21. During his employment with Defendants, Plaintiff (i) was paid on an hourly basis; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of BWC, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

22. During all material times hereto, Plaintiff was a non-exempt, hourly laborer/upholsterer of Defendants, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

23. Plaintiff began working for the Defendants on or about January 24, 2022 and continued to do so until on or about April 4, 2022.

24. During Plaintiff's employment period, Defendants paid the Plaintiff an hourly rate of $17.00 per hour.

25. Plaintiff tendered his official resignation to Defendants on April 4, 2022.

26. Plaintiff worked a total of 55.4 hours during his penultimate week of employment with Defendants and worked 28.32 hours during his last week of employment with Defendants.

27. Upon receiving the Plaintiff's official resignation, the Defendants immediately responded to Plaintiff that they were not going to compensate Plaintiff for his last two (2) weeks of work.

28. Therefore, Defendants did not pay Plaintiff the federal or state minimum wage for all of the work that Plaintiff performed during his last two weeks of employment with Defendants.

29. Moreover, Defendants did not pay Plaintiff federal overtime wages during his penultimate week of employment, despite working 55.4 hours (and working 15.4 hours of overtime).

Case 0:22-cv-61043-XXXX   Document 1   Entered on FLSD Docket 06/02/2022   Page 6 of 12

Case 0:22-cv-61043-XXXX   Document 1   Entered on FLSD Docket 06/02/2022   Page 6 of 12

30. Defendants were expressly aware of the work performed by Plaintiff for Defendants' benefit, but nevertheless refused to pay Plaintiff for the work he performed for them.

31. Plaintiff requested several times for Defendants to pay him for the work he performed during his last two weeks of employment; however, Defendants refused to issue payment of his hard-earned wages.

32. On or about April 26, 2022, Plaintiff served Defendants with a Florida Minimum Wage Notice pursuant to Fla. Stat. § 448.110(6)[1].

33. The Defendants still have not issued payment to the Plaintiff for all of the work that Plaintiff performed during his last two weeks of employment with Defendants.

34. As a result of Defendants' intentional and willful failure to comply with the FLSA and Florida Minimum Wage laws, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FLSA MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
**(Against Defendants BWC and OSBORNE)**

35. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 34 as though set forth fully herein.

36. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

37. During Plaintiff's employment period, the federal minimum wage for non-exempt employees was $7.25 per hour.

---

[1] Plaintiff does not concede the constitutionality of Fla. Stat. § 448.110(6). Plaintiff nonetheless complied with all of its pre-conditions to filing suit in order to streamline this litigation.

38. Defendants failed to pay Plaintiff at least $7.25 for all hours that he worked up to forty (40) during one or more of his weeks of employment.

39. Plaintiff therefore claims the federal minimum wage for all of the unpaid hours up to forty (40) that he worked during one ore more of his weeks of employment.

40. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal minimum wages as required by the FLSA, as Defendants knew or should have known of the FLSA's minimum wage requirements and failed to comply them.

41. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

42. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JONATHAN POLIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, BLUE WATER CANVAS & UPHOLSTERY, INC. and KERRY OSBORNE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – FLORIDA MINIMUM WAGE VIOLATIONS
### Fla. Stat. § 448.110 and Article X, Section 24 of the Florida Constitution
### (Against Defendants BWC and OSBORNE)

43. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 34 as though set forth fully herein.

44. Plaintiff was entitled to be paid at least the Florida Minimum Wage for each hour/week worked during his employment with Defendants.

45. In 2022, the Florida Minimum Wage was $10.00 per hour.

46. Defendants did not pay Plaintiff the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution, during one (1) or more workweeks during his employment period.

47. Defendants' failure to comply with the Minimum Wage requirements of the Florida Constitution was willful and/or intentional.

48. Although any prerequisites to institute actions for Florida Minimum Wages are unconstitutional, Plaintiff has nevertheless complied with all statutory prerequisites to bringing this claim.

49. Specifically, on or about April 26, 2022, Plaintiff served the Defendants with a Notice pursuant to Fla. Stat. § 448.110. A copy of Plaintiff's Notice Letter served on the Corporate Defendant is attached hereto as **EXHIBIT A.**

50. More than 15 calendar days have elapsed since Plaintiff served his Notice Letter on the Defendants, and the Defendants have failed to cure any Florida Minimum Wage violations.

51. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

52. Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage and an equal amount as liquidated damages.

53. Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.08.

WHEREFORE, Plaintiff, JONATHAN POLIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, BLUE WATER CANVAS & UPHOLSTERY, INC. and KERRY OSBORNE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally, pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. § 448.08; (d) injunctive relief pursuant to Article X, Section 24(e) of the Florida Constitution, and; any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT III – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against Defendants BWC and Osborne)**

54. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 34 as though set forth fully herein.

55. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

56. Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for certain hours that the Plaintiff worked in excess of forty (40) hours in one or more weeks of his employment with the Defendants.

57. Plaintiff therefore claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that he worked during his employment.

58. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

59. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

60. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JONATHAN POLIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, BLUE WATER CANVAS & UPHOLSTERY, INC. and KERRY OSBORNE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT IV – UNJUST ENRICHMENT (AS AN ALTERNATIVE TO COUNTS I-III)
### (as to Defendant BWC)

66. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 15 and Paragraphs 23 through 27 as though set forth fully herein.

67. In the alternative to Plaintiff's minimum and overtime wage claims, Plaintiff seeks damages based on unjust enrichment.

68. Defendants agreed to pay Plaintiff an hourly wage of $17.00.

70. Defendants have not paid Plaintiff any wages for the work he performed during his last two (2) weeks of work.

71. Plaintiff conferred a benefit on Defendants, for which Defendants appreciated, accepted, and retained.

72.    Under the circumstances, Defendants have been unjustly enriched, Plaintiff has suffered damages, and it would be inequitable for Defendants to retain the benefit Plaintiff conferred on it.

WHEREFORE, Plaintiff, JONATHAN POLIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, BLUE WATER CANVAS & UPHOLSTERY, INC., and award Plaintiff: (a) damages for unjust enrichment; (b) reasonable attorneys' fees and litigation costs pursuant to Fla. Stat. § 448.08; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JONATHAN POLIN, requests and demands a trial by jury on all appropriate claims.

**Dated: June 2, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 2, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**